UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANWIRE CORPORATION,<br><br>              Plaintiff,<br>v.<br><br>INTERCEPT MUSIC GROUP, INC. et. al.,<br><br>              Defendants. | Case No. 2:25cv-01533-ART-CLB<br><br>ORDER ON MOTION TO REMAND (ECF No. 25) AND MOTION TO DISMISS (ECF No. 7) |

Plaintiff Sanwire Corporation ("Plaintiff" or "Sanwire") brings this action against Defendants Intercept Music Group, Inc. ("IMG"), Intercept Music Inc. ("Intercept"), and New Horizons Transfer, Inc. ("NHT"). Plaintiff brings the following claims: 1) breach of contract against Intercept, 2) breach of the implied covenants of good faith and fair dealing against Intercept, 3) conversion against "Defendant," 4) unjust enrichment against Intercept, 5) intentional misrepresentation against Intercept, and 6) declaratory relief against Intercept. (ECF No. 1.) Before the Court is Plaintiff's Motion to Remand (ECF No. 25) and Defendants Intercept and IMG's Motion to Dismiss (ECF No. 7).

I. **Background**

Plaintiff filed this action in state court against Defendants IMG, Intercept, NHT, and Trillium Partners, L.P. (ECF No. 1-1) and Defendants removed the case to this Court based on diversity jurisdiction, arguing that non-diverse defendant IMG was fraudulently joined. (ECF No. 1.) Defendant Trillium Partners, L.P. filed a Motion to Dismiss (ECF No. 3) and Defendants Intercept and IMG joined (ECF No. 7). Plaintiff voluntarily dismissed Trillium from the action. (ECF No. 24.) Plaintiff filed a Motion to Remand based on IMG's lack of diversity as a Nevada corporation. (ECF No. 25.) Defendants Intercept and IMG responded that IMG

1

was fraudulently joined, and Plaintiff could not state a possible claim against IMG. (ECF No. 30.) Plaintiff replied. (ECF No. 33.) On December 11, 2025, this Court held a hearing on the motions and took them under submission. (ECF No. 43.)

## II.     Legal Standard

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper. *Carrington Mortgage Services, LLC v. Ticor Title of Nevada, Inc.*, 220CV699JCMNJK, 2020 WL 3892786, at *2 (D. Nev. July 10, 2020) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)).

Here, Defendant alleges that IMG was fraudulently joined to destroy diversity and keep the present action in state court. (ECF No. 30 at 6.) "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortgage Inv. Tr. 2007-1 v. Old Republic Title Ins. Group, Inc.*, 532 F. Supp. 3d 1004 (D. Nev. 2021) (quoting *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations omitted)). Defendant argues the second method.

To fulfill the second method, the defendant must show that an "individual[] joined in the action cannot be liable on any theory." *Grancare*, 889 F.3d at 548 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis

2

1    in original)). "[This] standard is similar to the 'wholly insubstantial and frivolous'
2    standard for dismissing claims under Rule (12)(b)(1) for lack of federal question
3    jurisdiction." *Id.* at 549-550. "A defendant invoking federal court diversity
4    jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there
5    is a 'general presumption against [finding] fraudulent joinder.'" *Id.* at 548 (citing
6    *Hunter*, 582 F.3d at 1046). "While plaintiff may not ultimately recover against
7    [defendant], this does not mean that [defendant] was fraudulently joined. In
8    assessing whether a defendant was fraudulently joined, the court need not look
9    extensively at the merits of the claims . . ." *Carrington Mortgage Services, LLC*,
10   2020 WL 3892786 at *5 (internal citation omitted). "When applying the possible-
11   claim standard for fraudulent joinder, a 'district court must consider . . . whether
12   a deficiency in the complaint can possibly be cured by granting the plaintiff leave
13   to amend.'" *Duncan Golf Management v. Nevada Youth Empowerment Project*,
14   3:23-cv-0666-ART-CSD, 2024 WL 4349454 at *2 (D. Nev. Sept. 28, 2024) (quoting
15   *Grancare*, 889 F.3d at 550).

16   **III.   Analysis**

17        Defendants argue that Plaintiff fails to state any viable cause of action
18   against IMG. They claim that the only cause of action in which IMG is mentioned
19   explicitly is under injunctive relief, which is a remedy; that IMG is neither an
20   interested party under the Declaratory Judgment Act nor a necessary party under
21   Rule 19; and Plaintiff's claims cannot be cured by amendment. Plaintiff argues
22   that IMG is, upon information and belief, is currently the holder of intellectual
23   property and other assets that should have been conveyed to Plaintiff, and even
24   if its original state court complaint was deficient in stating a claim for conversion
25   and unjust enrichment, it is entitled to amend that claim to cure its deficiencies.
26   As an initial matter, the parties do not dispute that the jurisdictional amount is
27   satisfied, and that IMG is a citizen of Nevada.
28        The Court is unable to conclude that there is no possibility that a state

court would find that Plaintiff could state a cause of action against IMG if given leave to amend in state court. In its motion, Plaintiff alleges that IMG improperly holds intellectual property and other assets belonging to Plaintiff which should have been conveyed. (ECF No. 25 at 2.) While its state court complaint lacks specificity identifying defendants for particular causes of action, Plaintiff argues that it asserts liability under declaratory relief and preliminary injunction "to address the theft." (ECF No. 25 at 9.) Even if it failed to state a claim in its original complaint, Plaintiff requests leave to amend to make more specific claims against IMG in particular for unjust enrichment, tortious interference with contractual relations, and conversion.

Under Nevada state law, courts have the power to enter declaratory judgments "whether or not further relief is or could be claimed." NRS § 30.030. In its allegations for declaratory relief, Plaintiff requests a determination that IMG wrongfully obtained the property of Plaintiff and has no right to the shares of the company. (ECF No. 25 at 7, 10.) It claims that Plaintiff's property was wrongfully conveyed to IMG and that IMG and Intercept engaged in improper conduct and the hiding of assets. (ECF No. 25 at 9 n.16.)

To state a claim for conversion under Nevada state law, the plaintiff must show "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Blige v. Terry*, 139 Nev. 607, 616 (2023) (citing *Wantz v. Redfield*, 74 Nev. 196, 198 (1958)). Tangible or intangible property can be converted. *Id.* (citing *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 904 (2008)).

To state a claim for unjust enrichment under Nevada state law, a plaintiff must show "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit." *Kennedy v. Carriage Cemetery Services, Inc.*,

727 F. Supp. 2d 925, 932 (D. Nev. 2010) (citing *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 755 (1997)). Unjust enrichment is an equitable substitute for a contract. *Id.* (internal citation omitted).

To state a claim for tortious inference with contractual relations under Nevada state law, a plaintiff must show "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *LT Intern. Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1249 (D. Nev. 2014) (citing *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 109 Nev. 1043, 1048 (1993)).

Defendant may be correct that Plaintiff failed to state a claim under this particular complaint. This standard for remand, however, gives parties the benefit of the doubt in granting the possibility to amend. Plaintiff alleges that Defendant is "hijacking business opportunities, property, and intellectual property which was promised to [Plaintiff] under the Acquisition Agreement" including "attempting to claim 1,247,773,672 common shares of Sanwire stock to which it is not entitled . . ." (ECF No. 33 at 10.) This is a sufficient factual basis upon which Plaintiff could amend its complaint to state claims for conversion and unjust enrichment. The Court finds that Plaintiff fails to state sufficient facts to establish that IMG committed intentional acts intended or designed to disrupt the contractual relationship for a claim of tortious interference with contractual relations at this stage; however, this does not doom Plaintiff's Motion given its possibility of success on other claims.

**IV.    Conclusion**

It is therefore ordered that Plaintiff's Motion to Remand (ECF No. 25) is GRANTED.

It is further ordered that Defendants' Motion to Dismiss (ECF Nos. 6 and 7) are DENIED as moot.

5

Dated this 31st day of December, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE